1   LISA K. GARNER (SBN: 155554)
    HILARY E.FEYBUSH (SBN: 280714)
2   GORDON & REES LLP
    633 West Fifth Street, 52nd Floor
3   Los Angeles, CA 90071
    Telephone: (213) 576-5000
4   Facsimile: (213) 680-4470
    E-mail: lgarner@gordonrees.com;
5   hfeybush@gordonrees.com

6   Attorneys for Plaintiff
    COLDWELL BANKER REAL ESTATE LLC

7                                                       **SBA**

8              UNITED STATE DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10

11  COLDWELL BANKER REAL ESTATE LLC, )   CASE NO. **CV 13   4732**
    a California limited liability company,       )
12                                                 )   COMPLAINT FOR:
                        Plaintiff,                 )
13                                                 )   **(1)   TRADEMARK
            vs.                                    )           INFRINGEMENT;**
14                                                 )   **(2)   COMMON LAW,
    DC PROPERTY & LOANS, INC., a California )              TRADEMARK
15  Corporation; LOUIE T. LO, an individual; and  )        INFRINGEMENT;**
    JOSE C. YEE, an individual,                    )   **(3)   FEDERAL UNFAIR
16                                                 )           COMPETITION, LANHAM
                        Defendants.                )           ACT 15 U.S.C. § 1125;**
17                                                 )   **(4)   FEDERAL TRADEMARK
                                                   )           COUNTERFEITING**
18                                                 )   **(5)   CAL. STATUTORY
                                                   )           TRADEMARK
19                                                 )           INFRINGEMENT, CAL.
                                                   )           BUSINESS AND
20                                                 )           PROFESSIONS CODE
                                                   )           § 14340;**
21                                                 )   **(6)   CAL. UNFAIR
                                                   )           COMPETITION,
22                                                 )           CAL. BUSINESS &
                                                   )           PROFESSIONS CODE
23                                                 )           § 17200**
                                                   )   **(7)   BREACH OF CONTRACT;**
24                                                 )   **(8)   BREACH OF GUARANTY;**
                                                   )   **(9)   ACCOUNTING;**
25                                                 )   **(10)  ACCOUNT STATED;**
                                                   )   **(11)  QUANTUM MERUIT**
26

27

28

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

                                1

COMPLAINT                          Case No. _____          **FILED BY FAX**

1   Plaintiff Coldwell Banker Real Estate LLC, a California Limited Liability Company
2   (hereinafter referred to as "Plaintiff" or "Coldwell Banker"), for its causes of action against
3   Defendants DC PROPERTY & LOANS, INC.,  a California corporation, formerly doing
4   business as Coldwell Banker DCP & Associates (hereinafter referred to as "DCP"), Louie T. Lo,
5   an individual (hereinafter referred to as "Lo"), and Jose C. Yee, an individual (hereinafter
6   referred to as "Yee") (DCP, Lo, and Yee  are collectively referred to hereinafter as
7   "Defendants"), alleges as follows:

8   **I.      JURISDICTION AND VENUE**

9       1.      This action arises under the trademark laws of the United States, specifically 15
10  U.S.C. § 1051 et seq., and under state law governing unfair competition and trademark and
11  common law claims for breach of contract and accounting.

12      2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.
13  §§ 1331 and 1338, 15 U.S.C. § 1121 and, with respect to certain claims, 28 U.S.C. § 1367.

14      3.      Venue is proper in this Court pursuant to 28 U.S.C. section 1391 because the
15  individual defendant resides in this judicial district, and the corporation defendant is incorporated
16  in the State of California with its principal place of business in this judicial district.

17  **II.     THE PARTIES**

18      4.      Plaintiff is a California limited liability company with its principal place of
19  business in the State of California, and at all relevant times herein, was duly authorized to
20  conduct business in the State of California.

21      5.      Defendant DC Property & Loans, Inc. is a California corporation, formerly doing
22  business as Coldwell Banker DCP & Associates, at a location within the venue of this Court.

23      6.      Defendant Louie T. Lo is an individual who, on information and belief, resides in
24  the County of San Mateo, State of California.

25      7.      Defendant Jose C. Yee is an individual who, on information and belief, resides in
26  the County of San Mateo, State of California.

27      8.      Plaintiff is informed and believes, and on that basis alleges, that at all relevant
28  times herein Defendants were each acting as an agent, servant or representative of each of said

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

2

1    other Defendants, or were at all times mentioned herein acting within the course and scope of

2    such agency, servitude or representation, and that all acts of said Defendants, and each of them,

3    were authorized, directed and ratified by each of the remaining Defendants.

4    **III.    THE COLDWELL BANKER® MARKS**

5          9.       Plaintiff is one of the world's leading·franchisors of real estate brokerages.  To

6    promote brand awareness and to ensure consistency among its member offices, Plaintiff has

7    developed an expansive franchise system that provides its member offices with the marketing

8    tools, resources, and know-how to operate an effective full-service real estate office

9    ("COLDWELL BANKER® System").

10         10.      Plaintiff utilizes and relies on a family of trade and service marks which are

11   registered on the Principal Register of the United States Patent and Trademark Office and which

12   provide brand identity for the COLDWELL BANKER® System, including, but not limited to,

13   United States Registered Trademark No. 1,154,155 (typed work mark - COLDWELL

14   BANKER® - for real estate brokerage services registered May 12, 1981); No. 1,215,241 (design

15   mark – COLDWELL BANKER CB® - for real estate brokerage services registered November 2,

16   1982) and depicted as follows:



21         11.      No. 2,057,608 (typed word mark – COLDWELL BANKER® - for real estate

22   brokerage franchising services, registered April 29, 1997) and No. 2,059,501 (design mark –

23   COLDWELL BANKER CB® - for real estate brokerage franchising services, registered May 6,

24   1997) which is depicted as follows:



Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

3

COMPLAINT                                    Case No. _____

1    (hereinafter collectively referred to as the "COLDWELL BANKER® Marks").

2         12.    Plaintiff is the owner of the federally registered COLDWELL BANKER® Marks

3    and the COLDWELL BANKER® Marks have been continuously used by Plaintiff and its

4    predecessors in interest since the date of their registration.

5         13.    Plaintiff markets, promotes and provides services to its real estate brokerage

6    franchises throughout the United States.  In order to identify the origin of their real estate

7    brokerage services, Plaintiff provides its franchises a non-exclusive license to utilize the

8    COLDWELL BANKER® Marks, and in exchange it receives, among other things, royalty

9    payments based on the sale of real estate by franchisees.

10        14.    Plaintiff uses the COLDWELL BANKER® Marks on goods, and in

11   advertisements, education, training manuals, newsletters, global computer networks, radio

12   programs, training services, awards, residential, commercial and mortgage brokerage services,

13   relocations services, and the like.  Plaintiff has invested much time, effort and millions of dollars

14   in advertising and promoting the goods and services offered under the COLDWELL BANKER®

15   Marks and COLDWELL BANKER® brand such that the COLDWELL BANKER® Marks have

16   become well recognized.

17   **IV.   FRANCHISE AGREEMENT**

18        15.    Defendant DCP entered into a Coldwell Banker Real Estate Franchise Agreement

19   with Plaintiff that contained an effective date of February 16, 2004 (the "Franchise Agreement").

20   The Franchise Agreement is attached hereto as Exhibit 1 and incorporated by reference as though

21   fully set forth herein.

22        16.    Pursuant to the Franchise Agreement, DCP became a franchisee of Plaintiff as a

23   real estate brokerage business.  The location of this franchise was 2171 Junipero Serra Blvd.

24   Suite 710, Daly City, California 94015.  Pursuant to the terms of the Franchise Agreement,

25   Plaintiff agreed, among other things, to grant a non-exclusive license to DCP to utilize the

26   COLDWELL BANKER® Marks and the COLDWELL BANKER® System.

27        17.    In return, DCP agreed, among other things, (1) to pay to Plaintiff six percent (6%)

28   of all of the gross revenues under Section 7.2 of the Franchise Agreement ("royalty fees") and

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

4

COMPLAINT                                    Case No. _____

(2) to pay 2.5% of its gross revenues for an Advertising Fund ("NAF") for advertising fees under Section 8.2 of the Franchise Agreement, with a minimum monthly AF fee as specified in the Franchise Agreement.  In addition, DCP was required to report on closed transactions each month.

18.     Lo and Yee personally guaranteed the franchise obligations of DCP pursuant to the Franchise Agreement, as shown on Page 34 of the Franchise Agreement, which is attached to this Complaint as Exhibit 1 and is fully incorporated herein by reference

V.     **BREACH OF FRANCHISE AGREEMENT**

19.     After entering into the Franchise Agreement and operating as a franchisee of Plaintiff, Defendants failed to pay amounts owing under the  Franchise Agreement, including royalty fees, and NAF fees, and failed to report on closed transactions, which constitute a breach of the Franchise Agreement.  Plaintiff properly notified Defendants of these defaults in writing and provided the appropriate opportunity to cure required under the Franchise Agreement.  When Defendants failed to cure the defaults in a timely manner, pursuant to the Franchise Agreement, Plaintiff properly exercised its rights and terminated the Franchise Agreement, effective May 27, 2011.

20.     Pursuant to the terms of Franchise Agreement, Defendants further agreed, among other things, that any unauthorized use of the COLDWELL BANKER® Marks constituted a breach of Franchise Agreement and an infringement of Plaintiff's rights in and to the COLDWELL BANKER® Marks.

21.     Pursuant to the terms of the Franchise Agreement, Defendants further agreed, among other things, that upon termination of the Franchise Agreement, Defendants would immediately and permanently discontinue use of all COLDWELL BANKER® Marks, promptly destroy all documents containing the COLDWELL BANKER® Marks, and immediately and permanently discontinue all advertising using the COLDWELL BANKER® Marks.

22.     Paragraph 16.2 of the Franchise Agreement provides for the recovery of attorney fees and costs to any party prevailing in a legal proceeding in connection with the Agreement.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

5

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## VI.   UNAUTHORIZED USE OF TRADEMARKS

23.     Defendants were also advised that as of May 27, 2011, they were to cease and desist use of all the COLDWELL BANKER® Marks on anything that would identify them with Plaintiff, including but not limited to signs, advertising, letterhead, and listings.

24.     Following May 27, 2011, Defendants continued to operate as if they were still a Coldwell Banker franchisee, still using all the COLDWELL BANKER® Marks.  Upon learning of this fact, Plaintiff sent Defendants multiple notices to cease and desist use of the COLDWELL BANKER® Marks.

25.     For a period of time after sending the cease and desist letters, Plaintiff learned that Defendants ignored the cease and desist demands and continued to use the COLDWELL BANKER® Marks, including but not limited to failing to remove "Coldwell Banker" signage on the office building, and using the COLDWELL BANKER® Marks on several websites.

### FIRST CLAIM FOR RELIEF

### (Trademark Infringement Against All Defendants)

26.     Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 25, as though fully set forth herein.

27.     Defendants' actions in continuing to utilize, display and identify themselves with the COLDWELL BANKER® Marks after the termination of the Franchise Agreement, without the consent of Plaintiff, constituted infringement of the registered COLDWELL BANKER® Marks and has caused and continues to cause a likelihood of confusion, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

28.     By reason of the foregoing, Plaintiff has been injured in an amount not yet fully determined, but believed to be in excess of the jurisdictional limit of this court, in an amount to proven at the time of trial.  In addition, as a result of Defendants' acts of trademark infringement, Plaintiff has suffered and will continue to suffer irreparable harm, and Plaintiff has no adequate remedy at law with respect to this injury.

29.     Defendants' actions had been knowing, intentional, wanton, and willful, entitling Plaintiff to damages, treble damages, profits, attorney fees, and the costs of this action.

COMPLAINT                                      Case No. _____

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

**SECOND CLAIM FOR RELIEF**

**(Common Law Trademark Infringement Against All Defendants)**

30.     Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 25, as though fully set forth herein.

31.     Defendants' actions in continuing to utilize, display and identify themselves with the COLDWELL BANKER® Marks after the termination of the Franchise Agreement, without the consent of Plaintiff, constituted infringement of the COLDWELL BANKER™ Marks under common law, and had caused a likelihood of confusion, mistake, and deception as to source, sponsorship, affiliation or connection in the minds of the public.

32.     By reason of the foregoing, Plaintiff has been injured in an amount not yet fully determined, but believed to be in excess of the jurisdictional limit of this court, in an amount to proven at the time of trial.  In addition, as a result of Defendants' acts of trademark infringement, Plaintiff has suffered and will continue to suffer irreparable harm, and Plaintiff has no adequate remedy at law with respect to this injury.

33.     Defendants' actions had been knowing, intentional, wanton, and willful, entitling Plaintiff to damages, treble damages, profits, attorney fees, and the costs of this action.

**THIRD CLAIM FOR RELIEF**

**(Federal Unfair Competition, Lanham Act, 15 U.S.C. § 1125 Against All Defendants)**

34.     Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 25, as though fully set forth herein.

35.     Defendants' actions in continuing to utilize, display and identify themselves with the COLDWELL BANKER® Marks after the termination of the Franchise Agreement, without the consent of Plaintiff, constituted infringement of the registered COLDWELL BANKER® Marks and had caused a likelihood of confusion and falsely identified and represented Defendants with Plaintiff, and also constituted unfair competition, in violation of the Lanham Act.

36.     By reason of the foregoing, Plaintiff has been injured in an amount not yet fully determined, but believed to be in excess of the jurisdictional limit of this court, in an amount to

7

1  proven at the time of trial.  In addition, as a result of Defendants' acts of trademark infringement,

2  Plaintiff has suffered and will continue to suffer irreparable harm, and Plaintiff has no adequate

3  remedy at law with respect to this injury.

4       37.      Defendants' actions had been knowing, intentional, wanton, and willful, entitling

5  Plaintiff to damages, treble damages, profits, attorney fees, and the costs of this action.

6                          **FOURTH CLAIM FOR RELIEF**

7       **(For Federal Trademark Counterfeiting Against All Defendants Pursuant to**

8                          **15 U.S.C. § 1114(a)(1)))**

9       38.      Plaintiff incorporates by reference the allegations set forth above in paragraphs 1

10  through 25, as though fully set forth herein

11      39.      The COLDWELL BANKER® Marks had not been abandoned since their first

12  use and all of the COLDWELL BANKER® Marks have been, and continue to be, in continuous

13  use.  All of the COLDWELL BANKER® Marks have been duly registered with the USPTO and

14  their registrations remain current.

15      40.      Under the Franchise Agreement, Defendant DCP was granted a limited, non-

16  exclusive license to use the COLDWELL BANKER® Marks in connection with its franchise,

17  but was required to use the COLDWELL BANKER® Marks only in a manner authorized by

18  Coldwell Banker.  Defendants were to cease and desist use of the Marks upon termination of its

19  franchise.

20      41.      The unauthorized use of the COLDWELL BANKER® Marks by Defendants after

21  the termination of the Franchise Agreement likely caused confusion, mistake, and/or deception

22  among consumers as to the source, quality, and nature of their goods and services.  The

23  unauthorized use of the COLDWELL BANKER® Marks by Defendants also likely created a

24  misconception among consumers.

25      42.      As a direct and proximate cause of the counterfeiting conduct by the Defendants,

26  Plaintiff has been damaged.  Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an order

27  awarding all damage sustained by Plaintiff by reason of the infringement caused by Defendants.

28      43.      As evidenced by its refusal to cease unauthorized use of COLDWELL

8

COMPLAINT                                    Case No. _____

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1   BANKER® Marks after the termination, Defendants' continued unauthorized use of the

2   COLDWELL BANKER® Marks was intentional, in conscious disregard of Plaintiff's rights,

3   and constituted willful and knowing trademark counterfeiting.  Plaintiff is, therefore, entitled to

4   an award of treble damages and/or enhanced profits from Defendants, or in the alternative,

5   Coldwell Banker is entitled to statutory damages under 15 U.S.C. § 1117(c).

6        44.    Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), such

7   that Plaintiff is entitled to an award of attorneys' fees and costs and Plaintiff is also entitled to an

8   award of attorneys' fees and costs pursuant to the terms of the Franchise Agreement.

9                              **FIFTH CLAIM FOR RELIEF**

10            **(California Statutory Trademark Infringement, Cal. Business and Professions**

11                       **Code § 14340 Against All Defendants)**

12        45.    Plaintiff incorporates by reference the allegations set forth above in paragraphs 1

13   through 25, as though fully set forth herein.

14        46.    Defendants' actions in continuing to utilize, display and identify themselves with

15   the COLDWELL BANKER® Marks, without the consent of Plaintiff, constituted infringement

16   of the registered COLDWELL BANKER® Marks and had  caused a likelihood of confusion, in

17   violation of Cal. Business & Professions Code § 14340.

18        47.    By reason of the foregoing, Plaintiff has been injured in an amount not yet fully

19   determined, but believed to be in excess of the jurisdictional limit of this court, in an amount to

20   proven at the time of trial.  In addition, as a result of Defendants' acts of trademark infringement,

21   Plaintiff has suffered and will continue to suffer irreparable harm, and Plaintiff has no adequate

22   remedy at law with respect to this injury.

23        48.    Defendants actions had been knowing, intentional, wanton, and willful, entitling

24   Plaintiff to damages, treble damages, profits, attorney fees, and the costs of this action.

25                              **SIXTH CLAIM FOR RELIEF**

26        **(Cal. Unfair Competition, Cal. Business & Professions Code § 17200 et seq.**

27                            **Against All Defendants)**

28        49.    Plaintiff incorporates by reference the allegations set forth above in paragraphs 1

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

9

COMPLAINT                                          Case No. _____

1    through 25, as though fully set forth herein.

2        50.     California Business & Professions Code Section 17200 provides that unfair

3    competition means and includes "any unlawful, unfair or fraudulent business act or practice and

4    unfair, deceptive, untrue or misleading advertising."

5        51.     Defendants' actions in continuing to utilize, display and identify themselves with

6    the COLDWELL BANKER® Marks after the termination, without the consent of Plaintiff,

7    constituted infringement of the registered COLDWELL BANKER® Marks and had caused a

8    likelihood of confusion in violation of both federal, common law, and state trademark

9    protections.

10        52.     By and through Defendants' conduct, Defendants have engaged in activities that

11    constitute unlawful, unfair, and fraudulent business practices prohibited by the Cal. Business &

12    Professions Code Section 17200, *et. seq.*

13        53.     As a result of Defendants' acts of unfair competition, Plaintiff has suffered and

14    will continue to suffer irreparable harm, and Plaintiff has no adequate remedy at law with respect

15    to this injury.

16        54.     Defendants' actions had been knowing, intentional, wanton, and willful, entitling

17    Plaintiff to damages, treble damages, punitive damages, profits, attorney fees, and the costs of

18    this action.

19                       **SEVENTH CLAIM FOR RELIEF**

20              **(Breach of Contract Against Defendant DCP)**

21        55.     Plaintiff incorporates by reference the allegations set forth above in paragraphs 1

22    through 25, as though fully set forth herein.

23        56.     As set forth above, Plaintiff and Defendant DCP entered into the Franchise

24    Agreement whereby Plaintiff agreed to provide DCP with a non-exclusive license for its

25    trademarks and marketing system and DCP agreed to certain monetary and non-monetary

26    obligations as more fully set forth in the Franchise Agreement.

27        57.     Plaintiff has performed all conditions, covenants, and promises required on its

28    part to be performed in accordance with the terms and conditions of the Franchise Agreement.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

COMPLAINT                          Case No. _____

58.     DCP breached the Franchise Agreement by failing to timely pay amounts owed under the Franchise Agreement and by failing to comply with the reporting obligations under the Franchise Agreement.

59.     As a result of DCP's breach of the Agreement, Plaintiff has been damaged in an amount of not less than $142,591.14, with additional damages in an amount to be proven at trial based on the facts alleged herein.  Plaintiff is also entitled under the Franchise Agreement to interest on these sums at 18% per annum or the highest rate allowed by law, whichever is less.

60.     Pursuant to section 16.2 of the Franchise Agreement, or alternatively under Cal. Civil Code § 1717.5, Plaintiff is also entitled to the recovery of reasonable attorneys' fees and costs if it prevails in this action.

## EIGHTH CLAIM FOR RELIEF

### (Breach of Guaranty Against Defendants Lo and Yee)

61.     Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 25, as though fully set forth herein.

62.     As set forth above, Lo and Yee entered into a Guaranty of all of DCP's obligations under the Franchise Agreement.

63.     Plaintiff has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Franchise Agreement and Guaranty except as excused by law.

64.     As a result of DCP's breach of the Franchise Agreement and Lo and Yee's breach of the Guaranty, Plaintiff has been damaged in the amount of not less than $142,591.14, plus interest as set forth above, with additional damages in an amount to be proven at trial based on the facts alleged herein, which Defendants are obligated to pay.

65.     Pursuant to the Franchise Agreement, Plaintiff is also entitled to the recovery of reasonable attorneys' fees and costs if it prevails in this action.

## NINTH CLAIM FOR RELIEF

### (Accounting Against All Defendants)

66.     Plaintiff incorporates by reference the allegations set forth above in paragraphs 1

11

COMPLAINT                                          Case No. _____

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1 | through 25, as though fully set forth herein.

2 |     67.    As set forth above in detail, Plaintiff and Defendants entered into a franchise

3 | relationship based on execution of the Franchise Agreement and addenda.

4 |     68.    Plaintiff is informed and believes, and thereon alleges, that Defendants owe

5 | additional sums pursuant to the Franchise Agreement and Guaranty based on, among other

6 | things, sales of real estate not reported but for which a royalty fee and NAF fee is due and owing.

7 | However, Plaintiff is unable to ascertain the full amount owed without an accounting or audit of

8 | the books and records.  The additional amounts owed are within Defendants' knowledge as these

9 | amounts are based on transactions in which Defendants participated.

10 |     69.    Plaintiff has demanded an accurate accounting of any additional sales transactions

11 | or amounts that may be owed to Plaintiff, and Defendants have refused to provide this

12 | information.

13 | <center>**TENTH CLAIM FOR RELIEF**</center>

14 | <center>**(Account Stated Against All Defendants)**</center>

15 |     70.    Plaintiff incorporates by reference the allegations set forth above in paragraphs 1

16 | through 25, as though fully set forth herein.

17 |     71.    Within the past four years, in San Mateo County, California, an account was

18 | stated in writing by and between Plaintiff and Defendants wherein Defendants owed Plaintiff

19 | $142,591.14.

20 |     72.    Neither all nor any part of that sum has been pain, although demand has been

21 | made, and this entire sum is now due and owing.  Interest is also owing on this sum at the rate set

22 | forth above.

23 |     73.    Pursuant to the Franchise Agreement or, alternatively, as allowed by law, Plaintiff

24 | is also entitled to the recovery of reasonable attorneys' fees and costs if it prevails in this action.

25 | <center>**ELEVENTH CLAIM FOR RELIEF**</center>

26 | <center>**(Quantum Meruit Against All Defendants)**</center>

27 |     74.    Plaintiff incorporates by reference the allegations set forth above in paragraphs 1

28 | through 25, as though fully set forth herein.

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

<center>12</center>

75.     Within the last four years, Plaintiff provided services to Defendants, which services included, but were not limited to, non-exclusive licenses to use the COLDWELL BANKER ® Marks, the COLDWELL BANKER® System, and other proprietary information and property of Plaintiff.  Defendants knew that these services were being provided with the expectation of payment for the same and accepted, used, and enjoyed the services provided by Plaintiff.

76.     The fair and reasonable value of the services provided to the Defendants is at least $142,591.14, with interest accruing thereon at the rate set forth above, with additional damages in an amount to be proven at trial based on the facts alleged herein.  Plaintiff is also entitled to recovery of reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff prays as follows:

1.     For judgment that the federally registered COLDWELL BANKER® Marks and common law COLDWELL BANKER™ Marks, and California state service marks have been infringed by Defendants;

2.     For a permanent injunction against Defendants' infringement through the use of the COLDWELL BANKER® Marks and identification of Defendants with Plaintiff, preventing any future infringement and preventing any future unfair competition

3.     An accounting of profits and damages resulting from Defendants' trademark infringement and unfair competition, and trebling and/or enhancement of such damages under the trademark laws as an exceptional case because of the knowing, intentional, willful, and wanton nature of Defendants' conduct;

4.     For damages in an amount equal to the actual damages suffered by Plaintiff as a result of the infringement, an amount equal to the profits earned by Defendants as a result of their trademark infringement, and an amount equal to three times the monetary award assessed in view of Defendants' willful and wanton infringement; pre-judgment interest and post-judgment interest; reasonable attorney fees, as an exceptional case under 15 U.S.C. § 1117;

5.     On the unfair competition claims, disgorgement of all profits and restitution made in connection with or associated with the use by Defendants of the COLDWELL BANKER®

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

13

COMPLAINT                                      Case No. _____

1   Marks and identification of itself with Plaintiff by reason of trademark infringement, under Cal.

2   Business and Professions Code § 17200 et. seq.;

3          6.     An award of punitive damages for intentional and willful acts;

4          7.     For damages for breach of contract and breach of guaranty in amount of not less

5   than $142,591.14;

6          8.     For royalty and NAF fees on closed transactions not reported by Defendants but

7   for which said fees are due and owing to Plaintiff;

8          9.     For an accounting of all transactions not reported to Plaintiff;

9          10.    For reasonable attorneys' fees;

10         11.    For costs of suit incurred herein;

11         12.    For damages based upon an account stated and quantum meruit, according to

12   proof; and

13         12.    For such other and further relief as the court may deem proper.

14   Dated:  October 10, 2013                      GORDON & REES LLP

15

16                                                By:

17                                                   Lisa K. Garner
                                                     Hilary E. Feybush
18                                                   Attorneys for Plaintiff
                                                     COLDWELL BANKER REAL
19                                                   ESTATE LLC

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

//16997766v.1

14

COMPLAINT                                        Case No. _____