United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| COLDWELL BANKER REAL ESTATE LLC, a California limited liability company<br><br>   Plaintiff,<br><br> v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>   Defendants._____ / | No. 4:13-CV-04732 SBA (NJV)<br><br>ORDER REQUIRING FURTHER BRIEFING ON MOTION FOR DEFAULT JUDGMENT |

Plaintiff Coldwell Banker has moved for default judgment in this action. (Doc. 17.) The district court referred the motion for default judgment to the undersigned for a report and recommendation. (Doc. 19.)

In ruling on a motion for default judgment, the court first must examine its jurisdiction over both the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The court also "must assess the adequacy of the service of process on the party against whom default is requested." *Board of Trustees of the N. Cal. Sheet Metal Workers v. Peters*, 2000 U.S. Dist. LEXIS 19065, *2 (N.D. Cal. Jan. 2, 2001).

Once the court determines that jurisdiction exists and that service was sufficient, it may consider the following factors when exercising its discretion to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of [the] plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The court requires further briefing from Plaintiff Coldwell Banker addressing each of the above issues. In particular, Plaintiff Coldwell Banker shall address the second and third *Eitel* factors in detail, explaining how the facts alleged in the complaint support each of the eleven claims for relief. It shall discuss the elements of each of the claims and how those elements are met by the alleged facts. In doing so, it shall specifically discuss the application of the alleged facts to claims brought pursuant to 15 U.S.C. § 1114, which references "any reproduction, counterfeit, copy, or colorable imitation of a registered mark."

Coldwell Banker also seeks attorney's fees and costs in the amount of $11,156.15. It appears that the only supporting documentation provided is Exhibit F to the Declaration of Jacqueline Bertet and statements in the Declaration of Hilary E. Feybush describing the actions taken by counsel. Exhibit F lists billing for discrete items, but provides no information as to the task for which the customer is being billed, which individual performed the task, or the billing rate for that individual. The court requires a more detailed explanation of the attorney's fees accrued in this case. Specifically, Coldwell Banker must provide a detailed accounting, supported by appropriate declarations, providing the above information for each item for which reimbursement is sought.

Plaintiff Coldwell Banker shall file its supplemental brief no later than May 21, 2014.

IT IS SO ORDERED.

Dated: May 12, 2014

NANDOR J. VADAS
United States Magistrate Judge

2