UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COLDWELL BANKER REAL ESTATE, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DC PROPERTY & LOANS, INC., et al.,<br><br>Defendants. | Case No: C 13-4732 SBA<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**<br><br>Dkt. 17, 28 |

On October 10, 2013, Plaintiff Coldwell Banker Real Estate LLC filed the instant action against DC Property & Loans, Inc. ("DCP"), Louie T. Lo ("Lo"), and Jose C. Yee ("Yee"). The action arises from a dispute over a 2004 Franchise Agreement entered into between Plaintiff and DCP, pursuant to which DCP became a franchisee of Plaintiff. Under the agreement, DCP was granted a license to use Plaintiff's marks in exchange for the payment of royalty fees based on DCP's gross revenues. Yee signed a Guaranty Agreement, which guaranteed DCP's performance under the Franchise Agreement. In addition, DCP and Yee executed a promissory note in the amount of $86,000. The note includes a provision allowing Plaintiff to find Defendants in default and accelerate the unpaid principal and all accrued interest on the note in the event the Franchise Agreement is terminated. According to Plaintiff, DCP failed to pay royalty fees in breach of the Franchise Agreement.

The Complaint alleges eleven claims for relief:  (1) trademark infringement; (2) common law trademark infringement; (3) violation of the Lanham Act; (4) federal trademark counterfeiting; (5) trademark infringement under California law; (6) violation of California's Unfair Competition Law; (7) breach of contract; (8) breach of guaranty; (9) accounting; (10) account stated; and (11) quantum meruit.   Plaintiff voluntarily dismissed Lo and obtained defaults against DCP and Yee.  Dkt. 14, 15.  Thereafter, Plaintiff filed a Motion for Default Judgment as to DCP and Yee which the Court referred to a magistrate judge for findings and recommendations.  Dkt. 17, 19.

On August 14, 2014, Magistrate Judge Nandor Vadas ("Magistrate") issued a well-reasoned, 22-page Report and Recommendation in which he recommended granting Plaintiff's Motion for Default Judgment.  Dkt. 28.  The Conclusion of the Report and Recommendation states as follows:

> Based on the foregoing, the court HEREBY RECOMMENDS as follows:
>
> 1) that the district court grant Coldwell Banker's Motion for Default Judgment on the first, second, third, seventh, eight[h], ninth, and eleventh claims for relief;
>
> 2) that the district court direct the Clerk to enter judgment for Coldwell Banker on the first, second, third, seventh, eight[h], ninth, and eleventh claims for relief;
>
> 3) that the district court award Coldwell Banker damages in the amount of $112,647.02;
>
> 4) that the district court award Coldwell Banker attorneys' fees and costs in the amount of $17,701.07;
>
> 5) that the district court award Coldwell Banker a total of $130,348.09 plus interest at the statutory rate from the time of entry of judgment;
>
> 6) that the district court issue an injunction, permanently enjoining Defendants from the use of the COLDWELL BANKER® Marks.

Dkt. 28 at 22.  The Magistrate found that Plaintiff had not shown a likelihood of success on its fourth claim.  The fifth, sixth and tenth claims were voluntarily dismissed by Plaintiff.

Any objections to a report and recommendation must be filed within fourteen days of receipt thereof.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); Civ. L.R. 72-2, 72-3.  The district court must "make a de novo determination of those portions of the report to which

1  objection is made," and "may accept, reject, or modify, in whole or in part, the findings or
2  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Civ. L.R.
3  72-3(a) (requiring that any objections be accompanied by a motion for de novo
4  determination).

5      The deadline to file an objection to the report and recommendation was August 28,
6  2014. See Fed. R. Civ. P. 6(a)(1), 72(b). To date, no objections have been filed in this
7  case. In the absence of a timely objection, the Court "need only satisfy itself that there is
8  no clear error on the face of the record in order to accept the recommendation." Fed. R.
9  Civ. P. 72, advisory committee notes (1983) (citing Campbell v. U.S. Dist. Court, 501 F.2d
10 196, 206 (9th Cir. 1974)); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th
11 Cir. 2003) (en banc) ("The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district
12 judge must review the magistrate judge's findings and recommendations de novo if [an]
13 objection is made, but not otherwise."). The Court has reviewed the record on its face and
14 finds no clear error. Accordingly,

15     IT IS HEREBY ORDERED THAT the Magistrate's Report and Recommendation
16 is ACCEPTED and shall become the Order of this Court. However, because Plaintiff's
17 intentions with respect to its fourth claim for relief are unclear, the Court declines to enter
18 judgment at this juncture. Within three (3) days of the date this order is filed, Plaintiff shall
19 notify the Court whether it intends to dismiss or further litigate its fourth claim. In the
20 event Plaintiff voluntarily dismisses said claim, the Court will immediately enter judgment
21 for Plaintiff. In the event Plaintiff intends to litigate such claim, the Court will set a Case
22 Management Conference forthwith.

23     IT IS SO ORDERED.

24 Dated: 10/27/14

                         _Saundra B Armstrong_
                         SAUNDRA BROWN ARMSTRONG
                         United States District Judge